IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

PATRICK J. STEINMETZ,

Defendant.

25-CR-6033-FPG

**STATEMENT OF THE GOVERNMENT**
**WITH RESPECT TO SENTENCING FACTORS**

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report (PSR) with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $300 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check, or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

Asset Recovery Division
U.S. Attorney's Office WDNY
138 Delaware Avenue
Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

**THE FACTORS SET FORTH IN TITLE 18, UNITED STATES CODE, SECTION 3553(a) SUPPORT A SENTENCE OF LIFE IMPRISONMENT.**

In reviewing the Section 3553(a) factors, as enumerated in Title 18 of the United States Code, the government respectfully requests the Court particularly consider the need for the sentence to reflect the nature and circumstances of the offenses, the seriousness of the offenses, the need for deterrence, and the need to protect the public from further crimes. *See* Title 18, United States Code, Sections 3553(a)(1) and (a)(2); *United States v. Dorvee*, 616 F.3d 174, 180 (2d Cir. 2010) *quoting United States v. Gall*, 552 U.S. 38, 49-50 (2007); *see also, United States v. Aumais,* 656 F.3d 147, 157 (2d Cir. 2011) (upholding the guideline sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the 3553(a) factors). Given the factors cited in *Dorvee*, the government respectfully submits that the Court should impose a sentence of imprisonment that will prevent the defendant from victimizing children for the remainder of his life. Specifically, the government asks for a sentence of 840 months' imprisonment. (The guidelines call for life imprisonment, but this is

limited by the statutory maximum for the charges of conviction, resulting in a recommended guidelines sentence of 840 months.)

**ARGUMENT**

The case ended with a jury returning a guilty verdict on all counts in the Indictment. The trial involved the testimony of a brave young woman, who took time out of school and away from her certified nursing assistant studies to prepare for trial and describe the horrific sexual abuse she suffered at the hands of the defendant. The evidence included two videos of child pornography the defendant created of the victim, which were found in the deleted space of his spare phone. The evidence also included audio recordings of voice notes the defendant sent to the victim, screaming at her and threatening that he would drag her down the driveway by her hair simply for not being home when he wanted her to. The victim testified that the person she once trusted became the person she feared, and she felt she had to do what he said or he would become angry, just like in those audio recordings. When the victim disclosed the abuse, the defendant convinced the victim's mother that she was lying, further isolating the then 16-year-old victim from the very person that should have been her source of support. And during a recorded interview, the defendant admitted (partially) what he did, but blamed the victim, claiming it was her idea, and "she's a ho."

The defendant, who should have protected the minor victim, made her own home the very place she wasn't safe. He took advantage of the victim's trust in him and exploited her for his own sexual gratification. Despite all odds, the victim – who was seven years old when the defendant became a part of her life, and who was only 15 when he started to sexually

abuse her – has now graduated from high school and hopes to become a nurse. And despite the fact that she excelled academically once she escaped the defendant's abuse, her dreams were sidelined when this trial interfered with her ability to focus and study for her certified nursing assistant exam, which she did not pass. And despite being in custody, convicted of the crimes he committed against her, and facing between 15 to 70 years for his crimes, the defendant continued to attempt to hurt the victim in this very courthouse, when he turned to her on his way out of court and said, "don't worry, I will be back in 15 years."

That last act of defiance and spite is one example of how, throughout these proceedings, the defendant has shown no remorse, has attempted to manipulate those around him, and has obstructed proceedings. He refused to come to court. He attempted to avoid legal culpability by feigning incompetence. He turned the victim's own mother against her. He lied to the forensic psychologist about his symptoms so blatantly that not only did she deem that he was competent to stand trial, but she also found that he was malingering, citing detailed examples of his lies in the competency evaluation report.[1] The defendant also took the stand during a suppression hearing and continued to lie in hopes that it would help his case.[2] And, as recalled above, after the jury unanimously found him guilty of all charges, the defendant still managed to further torment his victim, confidently telling her he would be back

[1] Details of the defendant's efforts to fool the evaluator are summarized in Judge Holland's February 12, 2025 Report and Recommendation, Dkt. 39.

[2] *See* Judge Holland's December 4, 2025 Report and Recommendation, Dkt. 81, pp. 35-36, detailing why Steinmetz's assertions were "not credible[,] . . . not supported by the evidence of record[,] . . . and wholly unbelievable."

in 15 years. Unfortunately for the defendant, that is not what the guidelines recommend, and that is not for him to decide.

The PSR recites much of the graphic details of the case, so they need not be repeated in this public filing. The facts known to the Court clearly demonstrate that the defendant is a dangerous pedophile who specifically targeted and sexually abused a young girl who relied on him and trusted him, and he used threats of violence to control her.

He has no remorse for his actions and his actions after trial prove he does not think he did anything wrong. The government has no confidence that the defendant could be rehabilitated. He needs to be removed from society in order keep children in the community safe.

## CONCLUSION

The Sentencing Guidelines call for a prison term of life imprisonment – capped at 840 months by the statutory maximum – and Patrick Steinmetz is deserving of such sentence. The government respectfully submits that the nature and circumstances of the offenses, the seriousness of the offenses, the need to promote respect for the law, the need for deterrence, and the need to protect the public from further crimes require a sentence that will incapacitate the defendant for the rest of his life. *See* Title 18, United States Code, Sections 3553(a)(1) and (a)(2). Such a sentence would appropriately address the serious nature and circumstances of

the offenses, would protect the community, and would serve the important purpose of deterring others from sexually exploiting children.

DATED: Rochester, New York,
October 9, 2026.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

/s/ *Katelyn M. Hartford*

BY: KATELYN M. HARTFORD
Assistant U.S. Attorney
U.S. Attorney's Office
100 State Street, Suite 500
Rochester, New York 14614
(585) 263-6760
Katelyn.Hartford@usdoj.gov

TO: Robert Wood, Esq.
Maria Meck, U.S.P.O.