UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

*Plaintiff,*

-vs-

PATRICK STEINMETZ

*Defendant.*

**STATEMENT WITH RESPECT TO SENTENCING FACTORS AND REQUEST FOR A NONGUIDELINES SENTENCE**

FILE NO: 25 CR-603

## INTRODUCTION

Defendant, Defendant Patrick Steinmetz was convicted after a jury trial of a 3-count Indictment charging him with 2 Counts of Production of Child Pornography and 1 Count of Possession of Child Pornography. The details of the charges are more fully described in the PSR.

## PRESENTENCE REPORT

The Defendant has already addressed any and all issues with the PSR in a separate filing - Objections to PSR.

## HISTORY AND CHARACTER OF THE DEFENDANT

Mr. Steinmetz is 41 years of age. He is the product of a chaotic childhood. When he was three years old, his parents divorced. His father got custody but was really at home. Defendant was primarily raised by his older sister. Beginning at about age 10, he began spending more and more time living on the streets. He also suffered from multiple mental disorders including depression and schizophrenia. He also became a heavy drug user. This drug abuse continued into adult years, including the days leading up to his arrest in Livingston County.

The Court may consider the Defendant's Documented mental issues, childhood history and treatment needs under §3553(a). A variance rests on the Courts statutory discretion and need to satisfy the separate requirements governing guidelines departure.

**NON-GUIDELINE SENTENCE**

Mr. Steinmetz respectfully requests a non-Guidelines sentence of 15 years, structured to account for and running concurrent with the 23-year state sentence he is now serving for the Criminal Sexual Act, and related charges underlying this federal prosecution.

It is conceded that the conduct was grave. Defendant committed a Criminal Sexual Act involving anal sex with his 16-year-old stepdaughter, recorded the act on his phone, and later deleted the recording. Another video depicted his stepdaughter in the nude. The videos were never published or uploaded to the internet, and in fact, upon information and belief, were not seen by anyone except officers at the Livingston County Sheriff and person connected with the court system. Sophisicated equipment was required and used by the Sheriff's Department to retrieve the deleted files. He was arrested and prosecuted in state court, convicted of criminal sexual act, and sentenced to 23 years' imprisonment. He was then convicted in federal court of production and possession of child pornography arising from the recordings. The Presentence Investigation Report calculates an advisory Guidelines sentence of 840 months.

Defendant does not minimize the victim's harm, the seriousness of the sexual assault, or the separate wrong inherent in recording it. But these considerations do not make the 840-month recommendation reasonable. The recommendation must still be tested against the offense as it occurred, Defendant's individual circumstances, the punishment already imposed for the same underlying sexual act, and the total period of imprisonment that will result. A federal sentence

cannot be selected in isolation from a 23-year undischarged state sentence punishing the central conduct that also drives the federal range.

The Court should therefore reject 840 months as greater than necessary. A sentence of 15 years, imposed concurrently with the undischarged state sentence, would recognize the exceptional seriousness of the conduct without converting two related prosecutions into a disproportionate aggregate punishment.

Defendant was convicted in state court of criminal sexual act based on anal sex with his 16-year-old stepdaughter. He is serving a 23-year state sentence for that offense. The federal convictions arise from Defendant's recording of that criminal sexual act, and another recording not depicting sexual contact, on his phone and his possession of the resulting recordings. Defendant later deleted the recordings from the phone. Following his federal conviction for production and possession of child pornography, the Presentence Investigation Report calculated an advisory Guidelines sentence of 840 months.

## LEGAL STANDARD

The Guidelines provide the starting point for sentencing, but they are not the only consideration and carry no presumption of reasonableness in the district court. The Court must consider the applicable sentencing factors and make an individualized assessment based on the facts presented. ***Gall v. United States, 552 U.S. 38, 49 (2007)***.

That individualized assessment includes the nature and circumstances of the offense and the history and characteristics of the defendant. ***United States v. Dorvee, 604 F.3d 84, 91 (2d Cir. 2010)***. The Court must also consider the statutory sentencing purposes and the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. ***United States v. Ceasar, 10 F.4th 66, 79 (2d Cir. 2021)***.

The Court may vary from a Guidelines range because of a policy disagreement with the relevant Guideline, including a disagreement applicable to a broad class of offenses or offenders. ***United States v. Dorvee, 616 F.3d 174, 188 (2d Cir. 2010)***. The Second Circuit has specifically held that a sentencing court may consider a policy-based challenge to the child-pornography guidelines. ***United States v. Tutty, 612 F.3d 128, 132 (2d Cir. 2010)***.

The applicable Guidelines commentary also directs consideration of the type and length of the undischarged sentence, the time already served and likely to be served, the fact that the earlier sentence was imposed in state court, and other circumstances bearing on a reasonable incremental punishment. ***18 USCS Appx § 5G1.3 (2025)***.

**The 840-Month Recommendation Must Be Tested Against § 3553(a), Not Treated as the Presumptively Correct Sentence.**

An advisory calculation of 840 months is a starting point, not the answer. The Court may not presume that the Guidelines sentence is reasonable; it must instead determine the sentence warranted by the particular facts. ***Gall v. United States, 552 U.S. 38, 49 (2007)***.

That distinction matters here. Mr. Steinmetz is 41 years old. Seventy years is effectively a life sentence for him. The issue is not whether the conduct deserves severe punishment. It does. The issue is whether the federal interest requires an additional sentence of 840 months after taking the state punishment into account.

The requested variance rests on proportionality and parsimony, not denial or minimization. The Guidelines recommendation must be evaluated as part of the total punishment generated by the two prosecutions—not as if the state conviction and 23-year sentence did not exist.

**Dorvee Requires Careful Examination of a Child-Pornography Recommendation That Collapses Meaningful Differences in Culpability.**

In ***United States v. Dorvee***, the Second Circuit warned that the child-pornography Guidelines can produce unreasonable results unless carefully applied. ***United States v. Dorvee, 616 F.3d 174, 188 (2d Cir. 2010)***. The court explained that the relevant enhancements had an unusual provenance because they were not developed through the Sentencing Commission's ordinary empirical approach. ***United States v. Tutty, 612 F.3d 128, 132 (2d Cir. 2010)***. A sentencing court may therefore consider whether mechanical reliance on those provisions produces a sentence greater than necessary in the individual case. ***United States v. Bonilla, 618 F.3d 102, 110 (2d Cir. 2010)***.

***Dorvee*** also identified a structural proportionality problem: when enhancements push ordinary offenders toward the statutory ceiling, the resulting ranges may fail to distinguish adequately between offenders of materially different culpability. ***United States v. Dorvee, 616 F.3d 174, 187 (2d Cir. 2010)***. The Second Circuit described that compression as incompatible with individualized sentencing because it creates unwarranted similarities among dissimilar offenders. ***United States v. Dorvee, 616 F.3d 174, 187 (2d Cir. 2010)***.

***In United States v. Tutty***, the Second Circuit reiterated that child-pornography Guidelines may generate ranges near or above the statutory maximum even in comparatively ordinary cases. ***United States v. Tutty, 612 F.3d 128, 132 (2d Cir. 2010)***. The court further observed that commonly applied enhancements can leave little meaningful distinction between less culpable offenders and the most dangerous offenders. ***United States v. Tutty, 612 F.3d 128, 132 (2d Cir. 2010)***.

Those authorities do not make Defendant's conduct ordinary. They establish a method: the Court must examine-what facts drive the range, whether the resulting number meaningfully ranks culpability, and whether the recommendation remains proportionate after all punishment for overlapping conduct is considered. An 840-month recommendation should not displace that inquiry merely because it results from the aggregation of offense levels and statutory penalties.

**The Court Should Apply Dorvee's Method**

The defense acknowledges the important limits placed on Dorvee. ***In United States v. Oehne***, the Second Circuit distinguished ***Dorvee*** where the defendant had sexually assaulted a young child over an extended period, photographed the abuse, and distributed the images worldwide, causing continuing revictimization. ***United States v. Oehne, 698 F.3d 119, 124 (2d Cir. 2012)***. The distinction rested not only on sexual abuse. It further rested on the harm caused by broad distribution, not on a rule that every production case requires a Guidelines sentence. ***United States v. Oehne, 698 F.3d 119, 124 (2d Cir. 2012)***.

Likewise, in ***United States v. Muzio***, the Second Circuit explained that ***Dorvee*** and a later possession-and-transportation case involved neither production nor contact with children. ***United States v. Muzio, 966 F.3d 61, 64 (2d Cir. 2020)***. ***Muzio*** involved a much more aggravating fact pattern where there were multiple victims, and repeated acts of production. There, the Court affirmed a 35-year sentence that was below the Guidelines recommendation. ***United States v. Muzio, 966 F.3d 61, 64 (2d Cir. 2020)***.

Here, the facts also differ from the repeated, multi-victim production conduct discussed in ***Muzio*** and the prolonged abuse and worldwide distribution discussed in ***Oehne***. The conduct here involved one identified 16-year-old victim, one recording of the criminal sexual act, and

later deletion of that recording from the phone. Most importantly for the aggregate-punishment analysis, Defendant is already serving 23 years for the underlying sexual act. The Guideline sentence for production and possession of deleted recordings is 3 times longer than the sentence imposed in state court for the sexual abuse itself!

Second Circuit case law establishes that a 70-year federal term, considered together with a 23-year state sentence, is not necessary in this case. Indeed, ***Muzio*** confirms that even exceptionally serious production conduct may receive a substantial sentence below the guidelines recommendation. ***United States v. Muzio, 966 F.3d 61, 64 (2d Cir. 2020)***.

**The Existing 23-Year State Sentence Must Inform the Necessary Incremental Federal Punishment.**

The state and federal offenses are legally distinct, but their factual overlap is central to a just sentence. The state court imposed 23 years for the criminal sexual act and related charges. The federal prosecution punishes Defendant's recording and possession of that same act. A sentence calibrated without reference to the state term would obscure how much punishment Defendant will actually serve for the related conduct.

The Supreme Court has explained that the Guidelines seek coordination where separate prosecutions involve the same or overlapping conduct, with the objective of approximating the total punishment that might have resulted had the offenses been prosecuted together. ***Witte v. United States, 515 U.S. 389, 405 (1995)***. The Second Circuit has likewise recognized that this coordination prevents the fortuity of separate prosecutions from grossly increasing the aggregate sentence. ***United States v. Rivers, 329 F.3d 119, 120 (2d Cir. 2003)***.

**A Sentence of 15 Years to Run Concurrently Would Reflect the Seriousness of the Conduct Without Producing an Excessive Aggregate Term.**

A non-guidelines sentence must account for every feature that makes this case serious: Defendant sexually assaulted his 16-year-old stepdaughter, recorded the act, and possessed the recording before deleting it. The requested sentence does not treat deletion as undoing either the assault or the creation of the recording. Nor does it ask the Court to disregard the breach of trust and harm inherent in the conduct.

At the same time, individualized sentencing requires the Court to assess the full punishment Defendant will serve. The 23-year state sentence is not hypothetical or collateral. Defendant is serving it now. The federal sentence will operate alongside or after that substantial term, depending on how the Court structures the judgment.

A sentence of 15 years, imposed concurrently with the state sentence, would:

1. Impose substantial punishment for creating and possessing the recording;
2. Recognize the seriousness of the sexual abuse and the victim's harm;
3. Account for the 23-year sentence already imposed for the underlying criminal sexual act;
4. Preserve a meaningful incremental federal penalty; and
5. Avoid transforming overlapping state and federal prosecutions into an aggregate sentence driven primarily by their separation into two proceedings.

The Second Circuit has cautioned that a sentencing court must balance the defendant's individual circumstances against punishment, deterrence, protection of the public, and respect for the law. ***United States v. Ceasar, 10 F.4th 66, 79 (2d Cir. 2021)***. The requested sentence respects that balance. It is severe, but it is tied to the actual conduct and the punishment already imposed rather than to the abstract magnitude of an 840-month calculation.

**CONCLUSION**

For these reasons, Defendant respectfully requests that the Court reject the advisory 840-month sentence as greater than necessary and impose a non-Guidelines sentence of 15 years, to run concurrently with Defendant's undischarged 23-year state sentence.

## PLACE OF INCARCERATION

It is respectfully submitted that the Court recommend that Mr. Steinmetz be housed at a facility as close as possible to Rochester, New York.

**DATED:** October 21, 2026

Respectfully,

*s/Robert W. Wood*

_______________________________

**ROBERT W. WOOD**
Attorney for *Defendant*, Patrick Steinmetz
2080 West Ridge Road
Rochester, New York 14626